# APRIL 5, 1939

H. W. COOPER, *alias* H. A. HENSON V. THE STATE.

No. 20307. Delivered April 5, 1939.

The opinion states the case.

*Shead & Aycock,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant was convicted of forgery, and his punishment assessed at confinement in the State Penitentiary for a term of seven years.

There is but one bill of exceptions in the record, and that relates to the sufficiency of the testimony.

It is shown by the statement of facts that appellant presented a check for $15.00 on The Kilgore National Bank payable to H. W. Cooper or order, and signed Fred Wimberley, to one Morris Wolfe, employed in the Model Store at Kilgore. He bought some small items, and gave Wolfe this check, and endorsed the same in the name of H. W. Cooper. Appellant said at such time that he was working for Fred Wimberly, and had been paid by him. Wolfe knew Wimberley, and began an investigation, and appellant was soon after arrested.

Fred Wimberley testified and denied that the name signed to the check was his signature, and denied that he had authorized appellant or any other person to sign his name to such check.

Appellant then took the stand and claimed that Wimberley had purchased from him a rock bit and agreed to pay $50.00 therefor; that on the day previous he had paid appellant $15.00 by means of a check on a bank in Tyler, Texas, and that he paid $15.00 by means of this check as a further payment on said debt. He admitted that he had endorsed the check in the name of H. W. Cooper, which was not his true name, but denied that he had written such check. He was then asked to write the name of Fred Wimberley, as well as another name, which he did, and such writings were shown to the jury.

It is suggested that the appellant having denied under oath the making of such check, that this case falls under the limitation prescribed in Art. 731, C. C. P., which reads as follows: "It is competent to give evidence of handwriting by comparison, made by experts or by the jury. Proof by comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath."

While this is true as a general doctrine, it does not always operate as a reason for an acquittal instruction, especially in instances where there is other and further evidence, either direct or circumstantial, regarding the alleged forged act. It will be noted that the statute says "proof by comparison *only* shall not be sufficient." There seems to be other and further proof than by comparison of handwriting. In fact the handwriting proposition was rather vague and indefinite, and clearly not the basis alone of this conviction. Appellant was found in possession of a check which he claimed was given to him by the person whose name was signed thereto. Such person denied having done so; he also denied having signed the check. It was also shown that appellant in person endorsed such check, writing a fictitious name on the back thereof. True it is that while on the stand appellant was asked to write some names on a piece of paper, one of them being the name signed to the check, and such writings were shown to the jury, but it seems to us that there was other testimony herein that connected appellant with the criminal act of having made this check, and thus moving this case out of the category of proof by comparison of handwriting only. See Cone v. State, 232 S. W. Rep. 816; Jackson v. State, 81 Texas Crim. Rep. 51.

While holding the facts to be sufficient, we are still confronted with what seems to us to be a serious error appearing in the trial, and that relates to the verdict of the jury. We here copy the same:

"We, the jury, find defendant guilty as charged and assess

the punished at 7—— Seven confinement in the State peneterry.

"Foreman J. D: Davis."

While familiar with the doctrine of "That is certain which can be made certain," we confess we are at a loss to know just what punishment this jury actually gave the appellant. They might have intended to give him 77 days, weeks, months or years, or 7 days, weeks, months or years. Probably they intended the punishment to have been 7 *years,* and thus the court interpreted their verdict, but such verdict does not say 7 years, or any term of years.

Verdicts of juries should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained, the verdict should be held to be good as to form, and bad spelling or bad grammar should not of necessity vitiate such verdicts. See Branch's Penal Code, p. 331, but we must confess than this verdict is so unintelligible that we have to indulge in various presumptions in order to ascertain what punishment is to be meted out to appellant. This verdict should not have been received by the trial court, but should have been corrected in the presence of the jury relative to the punishment assessed therein.

The judgment is accordingly reversed and the cause remanded.