WHEELER MCBRIDE v. THE STATE.

No. 20389. Delivered June 7, 1939.

The opinion states the case.

*R. H. Good,* of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The opinion delivered herein on April 26, 1939, is withdrawn and the following substituted therefor:

The offense is possession of intoxicating liquor in a dry area for the purpose of sale; the punishment, a fine of $100.00 and confinement in jail for 60 days.

The offense was alleged to have been committed on the 5th day of May, 1938. The applicable penalty is set forth in Sec. 41 of Art. 666, Vernon's Ann. Texas P. C. We quote the penalty as follows: "Any person who violates any provision of Article 1 of this Act for which a specific penalty is not provided shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1000), or by imprisonment in the county jail for not more than one year." In the charge the court instructed the jury as to the penalty as follows: "Our statutes further provide that any person found guilty of the unlawful possession of alcoholic beverage containing more than one-half of one per cent by volume for the purpose of sale in any dry area in this State, shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be punished by a fine of not less than $100, and not more than $1000, or by confinement in the county jail for not more than one year, *or by both such fine and imprisonment."* (Italics

ours.) Under Section 41, supra, the jury are not at liberty to fix the punishment at both a fine and imprisonment in the county jail. The italicized language should have been omitted from the charge of the court. In view of the fact that the jury fixed the punishment at a fine of $100 and confinement in jail for 60 days, it becomes our duty to order a reversal of the judgment.

It is observed that the complaint and information were drawn under the law as it existed prior to the passage of the present Liquor Control Act. The prosecution should have proceeded under the present law. In the event of another trial a complaint and information should be presented charging the offense as defined under the present statute.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.