## E. W. LEE v. THE STATE.

No. 22019. Delivered March 18, 1942.
On Motion to Reinstate Appeal April 22, 1942.
Appellant's Motion for Rehearing Denied (Without Written Opinion) June 10, 1942.

The opinion states the case.

*L. R. Blake,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful practice of medicine is the offense; the punishment, a fine of $350.00 and confinement in the county jail for a period of 49 days.

The appeal bond appearing in this record is fatally defective in that it does not appear to have been approved by either the county judge or the sheriff, as required by Art. 830, C. C. P.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION REINSTATE APPEAL.

GRAVES, Judge.

This cause has been heretofore dismissed because of the failure to have the proper approval on the appeal bond. Such approval is shown to have been present on such bond, but

through inadvertence same was not shown in the record. A supplemental transcript being presented showing such approval, the appeal is reinstated and we will proceed to consider same upon its merits.

Appellant offers as a fundamental error the inadequacy of the jury's verdict upon which to predicate a judgment.

Appellant was charged in the first count of the complaint and information with a misdemeanor, that is the unlawful practice of medicine for pay upon one Mrs. Pearl Mackley on or about the 17th day of September, 1940; in the second count thereof with practicing upon the same person on or about the 7th day of January, 1941; in the third count upon the same person on or about the 18th day of February, 1941; in the fourth count upon the same person on or about the 4th day of March, 1941; in the fifth count upon the same person on or about the 22nd day of April, 1941; in the sixth count upon the same person on or about the 20th day of May, 1941, and in the seventh count upon the same person on or about the 10th day of June, 1941.

Upon a trial the jury returned into court the following verdict:

"We the jury find the defendant guilty in all seven charges, and assess his penalty at

1.—50.00 and 7 days in jail.
2.—50.00 and 7 days in jail.
3.—50.00 and 7 days in jail.
4.—50.00 and 7 days in jail.
5.—50.00 and 7 days in jail.
6.—50.00 and 7 days in jail.
7.—50.00 and 7 days in jail.

"R. R. Hertenberger, Foreman."

The only matter complained of herein being that the verdict of the jury is vague, indefinite, uncertain and so unintelligible that a judgment cannot be predicated thereon.

The decisions of this court have long been uniform that verdicts should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained, the verdict should be held good as to form. See Branch's

P. C., p. 331, Sec. 646, and many cases there cited. In the case of O'Docharty v. State, 57 S. W. 657, a verdict assessing a fine of "25.00/100" was held sufficient, it evidently meaning $25.00 with the dollar mark omitted.

We think the verdict in this case means that in count one appellant was fined $50.00 and given 7 days in jail; that in each succeeding count, including the seventh, he was given the same penalty, thus aggregating $350.00 and 49 days in jail. To hold otherwise would be too strict a construction on the verdict which clearly evidences what the jury intended to do, and under such verdict we think the trial court was correct in entering the judgment of $350.00 fine and 49 days in jail.

The appeal will be reinstated, and the judgment is affirmed.