### ASTOR ALSTON V. STATE.

No. 24600. Jasuary 18, 1950.

*H. F. Grindstaff,* Rotan, and *Jack Railsback,* Aspermont, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the State.

DAVIDSON, Judge.

The unlawful possession of beer for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.

By virtue of a search warrant, peace officers found upon the premises occupied by appellant as his place of residence and within thirty feet of his house two cases of beer, each containing twenty-four 12-ounce cans, and, in addition, four cans of beer.

Appellant admitted the possession of the beer, and testified that one case remaining not drunk at the date of the search and belonging to his father-in-law was one of four cases which were brought to his place a day or two previously by visiting relatives and friends. The other case belonged, he insisted, to another member of the party. He insisted that none of the beer was possessed for the purpose of sale and that none was sold. He denied prior knowledge that the beer was to be brought to his place.

Appellant's guilt was predicated upon the prima facie evidence rule making the possession of more than twenty-four 12-ounce containers of beer prima facie evidence that it is possessed for the purpose of sale. Art. 667-25 (b), Vernon's P. C.

Appellant's admission of the possession of the beer rendered untenable any objection to the sufficiency of the search warrant and to the finding of the beer by the officers as a result of the search.

Since there was no exception to the charge of the court and there were no requested charges, the alleged errors in the court's charge cannot be considered.

Possession, within the contemplation of this prosecution, is the care, control, and management of the beer. Ownership of the beer is not necessary to constitute possession, and is not an essential element thereof. Hence, the claimed newly-discovered evidence corroborating appellant as to his claim of non-ownership of the beer did not require the granting of a new trial.

The verdict of the jury, upon which the judgment of conviction is predicated, reads as follows:

"We the jury find the defendant Guilty with the possession

of more beer than the law allows and assess his fine at $100.00 and cost."

It is insisted that such verdict is vague, indefinite, uncertain, and fails to reflect either a finding by the jury that appellant was guilty of the offense charged or a finding of the constituent elements necessary to constitute guilt of possessing beer for the purpose of sale.

In determining this question it is deemed pertinent to call attention to certain essentials relative to the offense of possession of beer for the purpose of sale in a dry area and the function of the prima facie evidence rule in relation thereto.

The mere possession of beer in a dry area is not unlawful; it is only the possession of beer for the purpose of sale that constitutes an unlawful act. Art. 666-4(b), P. C. The amount of beer possessed does not enter into that offense. The possession of one bottle of beer for the purpose of sale in a dry area is as much a violation of the law as is the possession for that purpose of more than a case of beer. On the other hand, the possession of beer in a dry area, regardless of amount, is not unlawful so long as it is not possessed for the purpose of sale.

The burden cast upon the state to establish the unlawful purpose for which the beer is possessed as a precedent to a conviction was the motivating cause, no doubt, of the legislature enacting what is known as the prima facie evidence statute, Art. 667-25(b), Vernon's P. C. By this statute, the possession of more than twenty-four 12-ounce bottles or cans of beer in a dry area is made "prima facie evidence of possession for the purpose of sale . . .," which means proof upon which the jury may find a verdict, unless rebutted by other evidence. Floeck v. State, 34 Tex. Cr. R. 314, 30 S. W. 794; Walden v. State, 100 Tex. Cr. R. 584, 272 S. W. 139. The prima facie evidence statute is a rule of evidence (Newton v. State, 98 Tex. Cr. R. 582, 267 S. W. 272; Stoneham v. State, 99 Tex. Cr. R. 54, 268 S. W. 156); it does not constitute absolute or conclusive proof of guilt—that is, that the beer is possessed for the purpose of sale.

As applied to the instant case, the state's testimony showing appellant in possession of more than twenty-four 12-ounce cans of beer did not constitute absolute or conclusive proof of appellant's guilt. To the contrary, such testimony went no further than to furnish the basis by which the jury might conclude that the beer was possessed for the purpose of sale.

The practical and working effect of the prima facie evidence rule in prosecutions of this character is to furnish the state a rule of evidence by which it may show that the intoxicating liquor was possessed for the purpose of sale, without the necessity of establishing such fact by the proof. The amount of beer possessed is material only in making applicable the prima facie evidence rule.

A verdict is a written declaration by a jury of their decision of the issues submitted to them in the case. Art. 686, C. C. P. The issue here submitted to the jury was appellant's guilt of unlawfully possessing beer for the purpose of sale. Under the statute, the verdict must, within itself, evidence a finding by the jury of that issue. If, from the verdict, the jury's finding can be reasonably ascertained, the verdict is sufficient. A liberal rather than a strict construction should be given the verdict to find the intent of the jury. See authorities under Art. 686, Vernon's C. C. P.; also, Smart v. State, 144 Tex. Cr. 93, 161 S. W. 2d 97; Lee v. State, 144 Tex. Cr. R. 306, 162 S. W. 2d 409; Henderson v. State, 149 Tex. Cr. R. 167, 192 S. W. 2d 446; Jordan v. State, 153 Tex. Cr. R. 466, 221 S. W. 2d 246.

The power of the courts to construe a verdict and ascertain the intent of the jury does not authorize the court to write or make a verdict. The intent of the jury and its meaning must be ascertained from the verdict, the pleadings, and the court's charge.

Applying these rules to the instant case, it is apparent that the jury, by its verdict, did not determine the issue submitted but, rather, found appellant guilty of possessing more beer than the law allowed, mere possession of the beer being neither a violation of the law nor an issue in the case.

To interpret the verdict as a finding that appellant possessed beer for the purpose of sale would, of necessity, constitute a verdict by this court rather than by the jury.

The trial court should not have received the verdict, or, having received it, should have awarded a new trial.

Because the verdict is insufficient to authorize the judgment of conviction thereon, the case is reversed and the cause remanded.

Opinion approved by the court.