HOOD ABERCROMBIE V. STATE.

No. 25473. November 14, 1951.
Appellant's Motion for Rehearing Denied (Without Written
Opinion) January 9, 1952.

Hon. G. V. Pardue, Judge Presiding.

*C. L. Harris,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by indictment with the offense of maiming by wilfully and maliciously biting off an ear of Raymond C. Ragsdale. Upon trial he was convicted of the offense of aggravated assault, and his punishment was assessed by the jury at "$500.00 and 9 months in the county jail."

He appeals from the judgment rendered on such verdict ordering that he be confined in jail for 9 months and that the State recover from him a fine of $500 and costs.

The court's charge authorized a conviction for maiming or for aggravated assault or for simple assault and directed the jury to acquit if they had a reasonable doubt as to whether appellant acted wilfully and maliciously or in self defense.

Appellant now urges that the trial court erred in defining aggravated assault as one where serious bodily injury is inflicted, and omitting to definte "serious bodily injury."

We find no objection to the charge calling this omission to the attention of the court before the charge was read to the jury. In the absence of such objection, appellant cannot now complain of the omission.

The verdict of the jury, viewed in the light of the court's charge, is sufficient to show that the jury intended to assess the punishment at a fine of $500 and 9 months in jail. The trial court properly so construed the verdict in pronouncing judgment. See Lee v. State, 144 Tex. Cr. R. 306, 162 S.W.(2) 409.

The evidence shows that the injured party lost his ear while engaged in a fight with appellant, and is sufficient to support the jury's finding that the assault by appellant was not justified.

The entire ear being removed from the head of the injured party, there appears to be no question that the injury was in fact a "serious bodily injury."

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.