## KENNETH WAYNE EAVES V. STATE

No. 33,638. December 8, 1961
State's Motion for Rehearing Overruled January 24, 1962

*Howard M. Wayland,* and *Thomas D. White,* both of Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr.,* and *Carl E. F. Dally,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

Our prior opinions are withdrawn.

The offense is operating a motor vehicle at an unlawful rate of speed; the punishment assessed in County Court at Law No. 4 of Harris County was a fine of $25.00.

By proper motion to quash, the information was attacked because it failed to allege that said vehicle was operated at said location at a speed which was greater than was reasonable and prudent under the conditions then existing, or words of similar import.

The question of the constitutionality of Subsection 1 of Section 8, Article 827a, V.A.P.C., a part of the 1951 speed law, is now squarely before this court for determination. The writer has heretofore not found it necessary to pass upon the question, as will be seen from the original opinion and that on appellant's second motion for rehearing in Rowland v. State, 166 Tex. Cr. Rep. 118, 311 S.W. 2d 831. The case at bar requires a decision. While there is much to be said for the soundness of the dissenting opinion of my former colleague Judge Davidson in Rowland, the writer is faced with the fact that the legislatures of 30 states have adopted similar statutes, plus the fact that the Supreme Courts of 16 states have upheld the constitutionality of similar statutes where it has been challenged. An analysis of the opinions of the Supreme Courts of West Virginia and Georgia indicates that only they may hold to the contrary.

The aim of every appellate judge should be to achieve uniformity in interpretation of similar laws. It is with this in mind that I align myself with the great weight of authority and hold the statute constitutional. It therefore follows that this case must be reversed because the information failed to allege that the motor vehicle was driven at a speed which was greater than was then reasonable and prudent under the conditions presently existing, having regard to the actual and potential hazards, and in excess of 30 miles per hour in a business (or residence) district, to-wit, at a speed of 40 miles per hour, the maximum lawful speed in said district and at said location for said vehicle then and there being 30 miles per hour.

An analysis of the opinion of this Court in Alston v. State, 154 Tex. Cr. Rep. 148, 226 S.W. 2d 443, makes such a holding imperative once the 1951 act is accepted. See also 61 C.J.S., sec. 641, p. 747, and sec. 647, p. 751, and cases there cited.

672

The judgment is reversed and the prosecution is ordered dismissed.

ON STATE'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

The state's motion for rehearing suggests that this Court "now chooses to base its opinion upon the fact that a number of legislative bodies have found such legislation popular and a lesser number of Supreme Courts have found these statutes to be constitutional."

To clarify our decision herein we direct attention to the opinion prepared by the writer on appellant's motion for rehearing in Rowland v. State, 166 Tex. Cr. R. 118, 311 S.W. 2d 831, 836, which was the majority holding at the time it was handed down and is now re-affirmed.

Upon authority of said opinion and the cases there cited, we here hold: (1) That Art. 827a V,A.P.C., as amended in 1951 and again in 1955, as applied to the driving of a motor vehicle upon a public highway in this state in a business or residential district as therein defined, at a speed in excess of 30 miles per hour, which speed is greater than is reasonable and prudent under the conditions then existing, is constitutional; and (2) appellant's motion to quash the information should have been granted because of the absence of any allegation that the speed at which the accused was alleged to have driven was unreasonable or imprudent under the conditions then existing.

Judge Morrison's reasons for joining in such holdings are stated in the opinion reversing the conviction herein.

Remaining convinced that the questions raised have been properly disposed of, the state's motion for rehearing is overruled.