Edward W. FINDLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 36672.

Court of Criminal Appeals of Texas.

March 11, 1964.

Rehearing Denied April 29, 1964.

Second Motion for Rehearing Denied
June 3, 1964.

John W. O'Dowd, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Edward N. Shaw, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with a prior conviction for burglary alleged for enhancement; the punishment, 12 years.

Appellant's written confession, the voluntary nature of which was vouched for by Officer Hurst, as well as his oral confession made to Office Spivey, which resulted in the recovery of some of the stolen jewelry, reveal that on the night in question appellant, in company with his brother, David, and one Melvin Barnard, was driving around looking for a place to burglarize; that they stopped at the Rose Jewelry on Harrisburg, kicked out both show windows and each participant took some rings and watches and then fled. Appellant was arrested two days later, told the officers where they might recover his part of the stolen property, which they immediately proceeded to do, and then returned to the police station, where the written confession was made.

Appellant's uncle, with whom he resided, testified that appellant and his brother returned home in the early morning following the night in question, that he noticed a ring and watch on appellant's hand and arm, and that when he asked where he had gotten the same, appellant replied, "We kicked out a window * * *" at "* * * a jewelry store."

Rose, the owner of the store, testified that he was awakened during the night in question and that when he arrived at his store, he found that two display windows had been broken into and some jewelry was missing.

Melvin Barnard, upon being granted immunity, testified to substantially the same facts set forth in appellant's confession.

Appellant, testifying in his own behalf, denied that he had made any confession at all, admitted that he had signed the instrument introduced in evidence, but said that he did so because the officers threatened to treat him as they had some years ago when he was apprehended for the burglary charged in the second paragraph of the indictment.

The prior conviction was established.

The voluntary nature of the confession was submitted to the jury in the court's charge, and since it was clearly not inadmissible as a matter of law, we find the evidence sufficient to support the conviction.

Only two questions are raised on appeal. It is first contended that the court erred in receiving a verdict which appellant contends is vague and indefinite and unintelligible. The indictment in the first paragraph charged the commission of the offense of burglary alleged to have occurred on January 17, 1963. The second paragraph recited that prior to the commission of the aforesaid offense, appellant, in cause #91490 in a named court, was granted adult probation for the offense of burglary for a period of three years. It then lists the conditions of such probation, and this is followed by the recitation that appellant subsequently violated the terms of his probation, and that on November 10, 1961, said probation was revoked and the sentence was put into effect, and said conviction was a final conviction.

The verdict was as follows:

"We, the Jury find the Defendant guilty of Burglary as charged and further find that he was formerly given adult probation for the burglary and that same was revoked and that same was a final conviction. Foreman M. E. Lesser."

It is appellant's contention that because of the inclusion of the word "the" before the word "burglary" the verdict could be construed to mean that the jury found that appellant had already been found guilty of the burglary set forth in the first paragraph, that he had been given probation, and that probation had been revoked, which would be tantamount to a finding of double jeopardy. Cooper v. State, 136 Tex.Cr.R.

498, 126 S.W.2d 974, and Alston v. State, 154 Tex.Cr.R. 148, 226 S.W.2d 443, upon which appellant relies, do not support such an interpretation, nor are they authority for his contention that the verdict is unintelligible. It is clear to us that the jury were referring to the burglary set forth in the second count. This is especially true because of appellant's judicial admission that he had been convicted in the named court for the offense of burglary, had been granted probation, and that such probation had been revoked.

■ Appellant's second contention that the court commented on the weight of the evidence in his charge where he stated that "Evidence of previous conviction must not be considered by the jury in deciding the guilt or innocence of the defendant of the offense for which he is being tried." In view of the judicial admission, the failure of the court to insert the words "if any" after the word "conviction" was not error. Pitcock v. State, Tex.Cr.App., 367 S.W. 2d 864; Salinas v. State, Tex.Cr.App., 365 S.W.2d 362; Ellison v. State, 154 Tex.Cr. R. 406, 227 S.W.2d 545; and Pullen v. State, 129 Tex.Cr.R. 23, 84 S.W.2d 723.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

For the first time on rehearing appellant complains of the action of the court in refusing to charge that the witness Springer (referred to in the original opinion as appellant's uncle) was an accomplice witness as a matter of law or in the alternative in failing to submit to the jury the question of whether or not he was an accomplice witness. This contention grows out of appellant's assertion that Springer was an accessory to appellant in that he attempted to aid him in avoiding apprehension.

We shall discuss the facts more fully in connection with this contention. Appellant resided with Springer, however, he had another uncle, Marshall Findley, who resided somewhere in the vicinity. According to Springer, on the morning after the burglary Marshall told Springer that appellant and his companions had hidden some jewelry at his house and asked him to come and get the same because he was worried over the matter. Springer went and got certain items of jewelry from Marshall's house and returned them to his own (where appellant resided). He stated that he complied with Marshall's request because Marshall was ill and had seizures when he got excited, and because he did not want Marshall "to get in trouble about it."

■ Sometime thereafter the officers inquired of Springer about the burglary, and he first told them that he knew nothing about it. This conduct would not make him an accessory. Tipton v. State, 126 Tex. Cr.R. 439, 72 S.W.2d 290, and Clark v. State, 261 S.W.2d 339, 159 Tex.Cr.R. 187. Subsequently the officers did find some of the jewelry in a coat pocket in the house where appellant and Springer resided. The record is not clear as to whether this was the result of Springer's finally telling them the truth, or as the result of their own search.

■ We must now decide if this act of Springer in getting the jewelry from Marshall's house and returning it to his own constituted an act which raised the issue of whether or not he was aiding appellant in avoiding apprehension, and thus an accessory to appellant and an accomplice witness.[1] Had he taken the jewelry from where appellant lived and concealed it at Marshall's house or at some other place, then another question would have been presented, but here he brought the stolen property from its place of hiding and placed it in the house where appellant resided, and

1. "The Law of Principals, Accomplices and Accessories," Vol. I, V.A.P.C., p. xiii.

where the officers eventually found it. We have concluded that this does not constitute an effort to aid appellant in avoiding apprehension, and therefore, hold that there is no evidence to raise the issue that Springer was an accomplice witness.

Remaining convinced that we properly disposed of this appeal on original submission, appellant's motion for rehearing is overruled.