**Surlester HEREFORD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37002.**

Court of Criminal Appeals of Texas.

June 24, 1964.

Kilmer B. Corbin, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., J. Monty Bray and George H. Nelson, Asst. Dist. Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is murder; the punishment, ten (10) years confinement in the state penitentiary.

In view of our disposition of the case, a recitation of the facts is unnecessary.

Appellant contends that the trial court erred in interpreting the verdict of the jury which found appellant guilty "as charged in the indictment and assessed his punishment at confinement in the penitentiary for a period of ten (10)" to mean that the jury intended the punishment to be ten years in the penitentiary.

We had this identical question presented us in Slaughter v. State, 170 Tex.Cr.R. 16, 336 S.W.2d 944. In that case the verdict of the jury which the trial court received and upon which the judgment of conviction was based recites that the jury found appellant guilty and assessed his punishment "at confinement in the State Penitentiary for Five (5)". Slaughter controls the disposition of this case.

The verdict assessed no definite punishment and for that reason is fatally defective. Cooper v. State, 136 Tex.Cr.R. 498, 126 S.W.2d 974; Bumpass v. State, 160 Tex.Cr.R. 423, 271 S.W.2d 953; McCarty v. State, Tex.Cr.App., 317 S.W.2d 748.

The authorities cited are controlling and require that the conviction be set aside.

Accordingly, the judgment is reversed and the cause remanded.