Roy Millard HALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 42302.

Court of Criminal Appeals of Texas.

Dec. 3, 1969.

Rehearing Denied Feb. 25, 1970.

Gerald Applewhite, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Fred Heacock, Asst. Dist. Attys., Houston, and Jim B. Vollers, State's Atty., of Austin, for the State.

OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

In his third ground of error appellant challenges the sufficiency of the evidence to sustain his conviction.

Andrew Such, Manager of the Norton-Ditto Store at 2019 South Post Oak in Harris County, testified he closed such store at 6 p.m. on August 12, 1967; that about 11 a. m. on August 13, 1967, after receiving a phone call, he went to the store and discovered that the building had been broken into and $10,777.00 worth of clothing, principally men's suits, had been stolen.

He related that no consent or permission had been given to appellant or anyone else to break and enter such building.

Mrs. John Webb, who lived at 5611 Jackson, Apartment 2-H, Harris County, awoke not long after retiring for the night on August 12, 1967. She arose from her bed, got a glass of milk, and while standing at her second floor bedroom window at 11:25 p.m., she saw an occurrence which fascinated her. Immediately below her in the parking lot she observed the appellant and Leslie Hart, whom she knew and who lived in Apartment 2-A in the same building, taking men's suits with tags and labels still on them out of the trunk of a car and placing them on bed sheets. She also observed them carrying their bundles upstairs and heard them go to the Hart apartment. When she heard footsteps coming back down the hall she rushed to her window, saw appellant pass, go downstairs and drive away in the car.

The place where the witness Webb saw the appellant and Hart was well lighted and she watched them with "fascination" for some five or six minutes. Her in-court identification of appellant was positive, and on cross-examination she described with particularity his appearance, the color of his hair and his wearing apparel at the time.

The following morning Mrs. Webb and her husband reported her observations to a deputy sheriff.

The State's evidence further shows that on this same day Houston police officers went to the Hart apartment. After being invited in by Mrs. Hart and while conversing with her, one of the officers observed through a partially opened closet door a pile of men's suits, still on hangers and bearing labels or tags and partly covered by a blue bedspread or sheet. With Mrs. Hart's permission he examined the same and found the clothes bore Norton-Ditto tags and matched the description of the clothes stolen.

Appellant was arrested later in the day when he appeared at the Hart apartment.

The clothes obtained by the officers were identified as the clothes taken from the Norton-Ditto store.

The appellant did not testify but called two alibi witnesses.

The court charged on the law of principals, circumstantial evidence and alibi.

■ The jury by their verdict rejected appellant's defense and we find the evidence sufficient to support the verdict. Adame v. State, Tex.Cr.App., 372 S.W.2d 545; Sharp v. State, Tex.Cr.App., 421 S.W.2d 663; 4 Branch's Ann.P.C., 2nd ed., Sec. 2537, p. 866.

Ground of error #3 is overruled.

■ In his first ground of error appellant urges that the identification procedures utilized by the State were violative of due process. This contention is based on the claim that the appellant was never confronted at a lineup by the witness Mrs. Webb, who only saw appellant after August 12, 1967, at the examining trial and at the trial itself.

First, we observe there was no objection to Mrs. Webb's in-court identification on such ground. Further, we know of no requirement that a witness may not identify the accused in court unless it be shown that the accused had been confronted by such witness at a lineup.

Ground of error #1 is overruled.

■ In his next ground of error appellant advances the claim that the witness Webb was improperly allowed to confront and identify him while he was being illegally detained as a result of an unlawful arrest, and that the court erred in admitting her in-court identification. Relying upon Barnes v. State, Tex.Cr.App., 390 S.W.2d 266, rev. 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818, appellant claims the arrest warrant by which he was arrested at the Hart apartment was based on an affidavit which did not reflect probable cause; that when Mrs. Webb observed him at the examining trial he was being illegally detained. We do not interpret appellant's claim as extending to the trial

itself since the indictment had been presented and therefore there was a presumption of probable cause.

The ground of error is without merit for a number of reasons. First, there was no objection to Mrs. Webb's in-court identification of the appellant. It is fundamental that a timely objection to inadmissible evidence must be urged at the first opportunity. This was not done, nor has appellant shown a reason for delaying his objection. Martinez v. State, Tex.Cr.App., 437 S.W.2d 842; Lucas v. State, Tex.Cr.App., 444 S.W.2d 638; Evans v. State, Tex.Cr.App., 445 S.W.2d 180; Evans v. State, Tex.Cr.App., 444 S.W.2d 641.

Next, the complained of affidavit is not in the approved record before us. An uncertified copy of an affidavit is found attached to appellant's appellate brief filed in the trial court after the approval of the record. There is no showing that an arrest warrant issued as a result thereof or if it did whether appellant was arrested and detained by virtue of that particular warrant.

Still further, there is no showing that at the time of the examining trial appellant was being detained, or if he was, that it was by virtue of such warrant.

The attached affidavit is in language similar to that of the indictment charging the primary offense. As to this Court's interpretation of Barnes v. State, supra, where the arrest warrant issued is not used as a basis for a search, see Vallejo v. State, Tex.Cr.App., 408 S.W.2d 113; Cisco v. State, Tex.Cr.App., 411 S.W.2d 547 and Aguirre v. State, Tex.Cr.App., 416 S.W.2d 406.

Ground of error #2 is overruled.

We also observe that the examining trial record is not before us and only a brief reference to the examining trial is found in the approved appellate record. There is no claim that appellant was without counsel at such hearing or that the confrontation there was so unnecessarily suggestive and conducive to irreparable mistaken identification that appellant was denied due process of law, considering the totality of the circumstances surrounding it.[1]

The judgment is affirmed.

1. In Tyler v. State, 5 Md.App. 265, 272–273, 246 A.2d 634, it was held that the rationale of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, was not applicable to confrontation at a public pre-trial judicial proceeding presided over by a judicial officer. Cf., however, Mason v. United States (D.C.Cir.) 414 F.2d 1176 and Coleman v. State (Md.Ct. of Spl.Appeals), 258 A.2d 42.