John GANO, Appellant,

v.

The STATE of Texas, Appellee.

No. 43520.

Court of Criminal Appeals of Texas.

April 7, 1971.

Rehearing Denied June 2, 1971.

William J. Stradley, Houston, for appellant.

G. F. Steger, County Atty., Columbus, and Jim D. Vollers, State's Atty., Austin, for the State.

---

## OPINION

ODOM, Judge.

The offense is speeding, and the punishment assessed by the court was a one-hundred and twenty-five ($125.00) dollar fine.

The record reflects that appellant was the driver of an automobile traveling east on Interstate Highway No. 10 approximately 6 miles from the town of Columbus, Texas, and that appellant was clocked by radar apparatus at a speed of 81 miles per hour by a State Highway Patrolman. Also, the record reveals that the State Highway Patrolman had visually estimated appellant's speed to be between 80–85 miles per hour, that he had tested said radar instrument for accuracy immediately prior to the incident and that such incident occurred at nighttime.

Appellant's first four grounds of error allege that the state did not prove that his speed was unreasonable and imprudent under the existing circumstances.

The applicable sections of Article 6701d Vernon's Ann.Civ.St., under which appellant was charged and tried, read as follows:

Sec. 166(a):

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances then existing. Except when a special hazard exists that requires lower speeds for compliance with paragraph (b) of this Section, the limits specified in this Section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this Section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

\*　\*　\*　\*　\*　\*

"2. Seventy (70) miles per hour during the daytime and sixty-five (65) miles per hour during the nighttime for any passenger car on any State or Federal numbered highway outside any urban district, including farm-and/or ranch-to-market roads, and sixty (60) miles per hour during the daytime and fifty-five (55) miles per hour during the nighttime for any passenger car on all other highways outside any urban district; \*　\* "

Appellant contends that the state has failed in its burden of proof because of failure to allege that the offense took place in or out of an "urban district,"[1] or that there were any hazards requiring him to reduce his speed. The existence of a

---

1. "'Urban District' means the territory contiguous to and including any highway or street which is built up with structures devoted to business, industry or dwelling houses, situated at intervals of less than one hundred (100) feet for a distance of one-quarter (¼) of a mile or more on either side." (6701d, Sec. 166(a), par. 5 c)

hazard or urban district, if proven, would have required him to lower rather than exceed the speed which he was traveling, thereby increasing the magnitude of his offense. Appellant's first four grounds of error are overruled.

By his fifth, sixth, and seventh grounds of error, appellant contends that reversible error was committed by the trial court in overruling his motion to dismiss because the patrolman who issued the citation could not identify appellant as the individual cited at the time and occasion in question.

The record reflects that the patrolman made an in-court identification of appellant and that appellant made no contention that he was not in fact the individual to whom the citation was issued.

This court, in Hall v. State, Tex.Cr.App., 450 S.W.2d 90, stated:

"In his first ground of error appellant urges that the identification procedures utilized by the State were violative of due process. This contention is based on the claim that the appellant was never confronted at a lineup by the witness Mrs. Webb, who only saw appellant after August 12, 1967, at the examining trial and at the trial itself."

"First, we observe there was no objection to Mrs. Webb's in-court identification on such ground. Further, we know of no requirement that a witness may not identify the accused in court unless it be shown that the accused had been confronted by such witness at a lineup."

The citation and complaint setting out all facts and circumstances of appellant's violation was uncontroverted in the trial court. Appellant's fifth, sixth, and seventh grounds of error are overruled, as we find the evidence sufficient to sustain the conviction. Murray v. State, Tex.Cr.App., 438 S.W.2d 916; Holley v. State, Tex.Cr.App., 366 S.W.2d 570.

Appellant's eighth ground of error alleges that the aforementioned statute (6701d) is unconstitutional in that it is vague and indefinite. He cites numerous cases where this court has struck down statutes because of vague and indefinite wording, and attempts to draw an analogy between these decisions and the wording of Art. 6701d, Sec. 166, supra, specifically, the words "reasonable" and "prudent".

This court ruled on the constitutionality of the language complained of in Art. 6701d, supra, in Eaves v. State, 171 Tex.Cr.R. 670, 353 S.W.2d 231, where, speaking through Judge Morrison, stated:

"* * * the writer is faced with the fact that the legislatures of the 30 states have adopted similar statutes, plus the fact that the Supreme Courts of 16 states have upheld the constitutionality of similar statutes where it has been challenged.

"I align myself with the great weight of authority and hold the statute constitutional."

Ground of error number eight is overruled.

Appellant's ninth ground of error, that the testimony of the patrolman as to the accuracy and acceptance of radar by the Texas Department of Public Safety is hearsay, is without merit. The evidence reflects that the patrolman had calibrated his instrument before clocking appellant, and that he was thoroughly familiar with, and experienced in the operation of such apparatus. In Cromer v. State, Tex.Cr.App., 374 S.W.2d 884, this court stated:

"We hold that the testimony of the patrolmen as to the speed shown by the radar set they were trained to operate and to test for accuracy, and which they did operate and test and found accurate, was sufficient to sustain a finding by the jury that the appellant was driving at a speed in excess of 70 miles per hour."

Appellant's ninth ground of error is overruled.

By his tenth and eleventh grounds of error, appellant contends that the complaint was insufficient in that the words "hazards" and "then existing" were not used and it was not attested to by seal.

A justice court is not a court of record, and in administering an oath to an affidavit the justice is to use the style of Justice of The Peace, and no seal is necessary. 35 Tex.Jur.2d 332, Sec. 10. We find nothing in the complaint to render it defective. See Vallejo v. State, Tex.Cr.App., 408 S.W.2d 113. Appellant's tenth and eleventh grounds of error are overruled.

 In his twelfth · ground of error, appellant contends that State's Exhibit One (1) was not properly qualified. However, he does not specify what the error is, or how he was harmed thereby; nor does he discuss the ground or state anything on this ground in his brief except: "The trial court committed reversible error in admitting the State's Exhibit I as a memorandum because same was not properly qualified."

This does not preserve error, hence no proper assignment is brought to this court pursuant to Art. 40.09, Sec. 9, Vernon's Ann. C.C.P. See Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952; McElroy v. State, Tex. Cr.App., 455 S.W.2d 223.

Finding no reversible error, the judgment is affirmed.