Murray JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 57104.

Court of Criminal Appeals of Texas, Panel No. 3.

April 11, 1979.

Jack R. Chappell, Lubbock, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Convicted of the misdemeanor offense of possessing beer for sale in a dry area and being assessed punishment at confinement for six months in the Floyd County Jail and a $500.00 fine, appellant brings this appeal on four grounds of error. He challenges validity of a search warrant on a multifarious ground that the affidavit for search warrant does not state when the information relied on was received and that both failed to identify the person or persons who occupy and control the premises; he contends the evidence is insufficient to prove "possession" as alleged; the charge of the court is assailed for failing to charge on the law of circumstantial evidence and he complains that the information is fundamentally defective for failing to allege a culpable

mental state. Of course, if the last contention is valid the judgment must be reversed and the prosecution dismissed.

Section 101.31, V.A.T.C., Alcoholic Beverage Code, that became effective September 1, 1977, forbids any person in a dry area to "possess with intent to sell an alcoholic beverage." That section was derived from Article 666–4(b), P.C., 1925, the Texas Liquor Control Act, which declared it unlawful for any person in a dry area to "possess for the purpose of sell beer etc." The offense here is alleged to have occurred January 16, 1977 and the information is, therefore, couched in terms of the former act—"possess for the purpose of sale an alcoholic beverage, to-wit, beer." In *McBride v. State,* 137 Tex. Cr.R. 236, 129 S.W.2d 315 (1939) this Court observed that a complaint and information under that act should charge "the offense as defined under the present statute." The information here does so.

Pretermitting a determination of whether Titles 1, 2 and 3 are applicable to the late Texas Liquor Control Act and the present Alcoholic Beverage Code through operation of Section 1.03(b), V.A.P.C., Penal Code,[1] we proceed to determine whether the complaint, cast in terms of the statute, sufficiently alleges a culpable mental state.

■ By definition "purpose" means that which one sets before him to accomplish; "an end, intention, or aim, object, plan, project," *Black's Law Dictionary,* Revised 4th Edition, 1400. The revisor's note to Section 101.31 reports that language of the former act, "for the purpose of sale . . .," was eliminated because all of the activity proscribed is "included in the prohi-

bition against possession *with intent to sell.*"[2] Possession, within the contemplation of the act, requires "the care, control, and management of the beer," *Alston v. State,* 154 Tex.Cr.R. 148, 226 S.W.2d 443 (1950)—much like the definition in Section 1.07 of the Penal Code, "actual care, custody, control, or management." But mere possession does not offend the act. Possession must be coupled with a purpose or intent to sell. *Alston,* supra, 226 S.W.2d at 445. Thus the culpable mental state of this offense is not directed at the fact of possession but the "reason." for possession. The gravamen of the offense is possession with the requisite intent and an information that alleges the act of possession "for the purpose of sale" states the requisite intent. Compare *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976).[3] It also follows that one who intends to sell the beer in his care, control and management "intentionally" engages in the act of possessing the beer. Ground of error four is overruled.

■ Reverting to ground of error one, challenging sufficiency of the affidavit for and validity of the search warrant, we quote the "probable cause" representations in their entirety:

"That your affiants have received information that alcoholic beverages are being kept, stored, possessed, and sold at the above described premises in violation of the Texas Liquor Control Act. Our informer has personally observed large quantities of alcoholic beverages being stored and sold at these premises in violation of the law, and we have relied on

---

1. Section 1.03(b) applies the provisions of those titles to offenses defined by other laws "unless the statute defining the offense provides otherwise." Article 667–2 of the Liquor Control Act and Section 1.06 of the Alcoholic Beverage Code provide that the manufacture, sale, distribution, transportation, and possession of beer or alcoholic beverages "shall be governed exclusively by the provisions of" the act or the code. Whether this language "provides otherwise" within the meaning of Section 1.03(b), *Bocanegra v. State,* 552 S.W.2d 130 (Tex.Cr. App.1977), is a question we leave for decision another day. See, however, Morrison and Blackwell, 7 *Texas Practice, Criminal Forms*

*Annotated* 135, § 24.04: "A. B. did then and there intentionally and knowingly possess for the purpose of sale . . ."

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. In that burglary case it was held that the conduct that is the gist of the offense is entry into the habitation with the requisite intent so that an indictment alleging entry "with the intent to commit theft" alleges a culpable mental state.

information from this informer in the past and have found it to be true and correct and we do believe this information to be true and correct. Our informer insists that his identity be kept secret."

In *Odom v. State*, 121 Tex.Cr.R. 209, 50 S.W.2d 1103 (1932) it was alleged that at the described location certain property "is being used as a means of violating the intoxicating liquor laws" and the grounds for the belief were that the affiants, themselves, "purchased one pint of liquor or whiskey . . . out of the above described building." The Court held that it did not appear from the affidavit that the act or event upon which probable cause was based occurred within a reasonable time before the affidavit was made. In *Garza v. State*, 120 Tex.Cr.R. 147, 48 S.W.2d 625, 627 (1930) the affidavit alleged that at the described place intoxicating liquors "are illegally possessed, sold and manufactured . . . in violation of the law" by the party named and for probable cause one of the affiants stated that he "personally saw a man leave the house aforementioned with some beer he claimed to have purchased therein." This Court found that nothing in the statement conveyed any definite idea as to when the described incident took place, held that the right to issue a search warrant is dependent upon a sworn statement "making clear" the right to issue it and that such affidavit is "inadequate if it fails to disclose facts which would enable the magistrate to ascertain from the affidavit that the event upon which the probable cause was founded was not so remote as to render it ineffective," and concluded that the affidavit was insufficient. More recently we held in *Heredia v. State*, 468 S.W.2d 833 (Tex.Cr.App.1971) following *Odom* and *Garza,* supra, that the facts in an affidavit "must be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at the time." Here, as in *Heredia* and *Garza* the supporting statement was that the informer "has personally observed" without any indication of when the observation was made.

Only recently, in *Gonzales v. State*, 577 S.W.2d 226 (1979) we reached the same conclusion regarding an affidavit for search warrant for alcoholic beverages containing substantially the same defects we find in the one before us.

Sustaining ground of error one requires that we reverse the conviction and remand the case. Accordingly, we do not pass on the sufficiency of the evidence to prove possession but if another trial is had and the evidence is essentially the same we believe the trial court would not be amiss in submitting a charge on circumstantial evidence.

For the reasons stated judgment of conviction is reversed and the cause remanded.