Sam FINKELSTEIN

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE.
Civ. A. No. 62–919.

United States District Court
W. D. Pennsylvania.

Sept. 12, 1963.

David Roth, Pittsburgh, Pa., for plaintiff.

Robert Tucker, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

This is an appeal from the final decision of the Secretary of Health, Education and Welfare disallowing plaintiff's claim for old-age insurance benefits under Section 202(a) of the Social Security Act, 42 U.S.C.A. § 402(a).

The United States Attorney now moves this court for judgment under Federal Rule of Civil Procedure No. 56 on the grounds that since there is no genuine issue as to any fact upon the record, the defendant is entitled to judgment as a matter of law.

On July 14, 1961, the plaintiff filed an application with the Social Security Administration of the Department of Health, Education and Welfare for old-age insurance benefits as an individual who was beyond the minimum retirement age of sixty-two, and alleged that he had attained age sixty-five. The application was disallowed on the ground that he did not meet the age requirements of the Act.

After request for a hearing, the plaintiff offered in evidence before the hearing examiner his own testimony, testimony of two other witnesses, the testimony and affidavit of a cousin and affidavits of two brothers. In summation the evidence is that the plaintiff was born in Lithuania in the year 1896 and lived there with his mother until the year 1923, when he obtained a passport and accompanied by the cousin emigrated to the United States; that the application for passport in Lithuania had been intentionally falsified as to the date of the applicant's birth for the purpose of avoiding military drafting by the Lithuanian government and for the purpose of facilitating plaintiff's emigration; that without the falsification of his age, the Lithuanian government would not have permitted such emigration of the applicant; that having intentionally falsified his age in the passport, he continued to use such falsified age for documentary purposes in order to maintain consistency after he arrived in the United States; and that the witnesses knew him to be older.

The documentary evidence or evidence based upon documents was offered for the most part by the Social Security Administration. These consisted of:

(1) A naturalization certificate dated October 2, 1931, showing plaintiff's age to be 26, indicating the date of his birth as the year 1905;

(2) Plaintiff's application for a Social Security Account number completed December 4, 1936, showing his date of birth as May 5, 1905;

(3) Form OOAN-7003 Request for Change in Your Social Security Records completed July 10, 1956, stating that the previously reported date of birth should be changed to May 5, 1898;

(4) Plaintiff's Selective Service registration in 1941 indicating that he was born in the year 1905;

(5) Plaintiff's application for Old-Age Insurance Benefits filed on July 14, 1961, showing his date of birth as May 5, 1896;

(6) The records of the Pennsylvania Motor Vehicle Bureau showing that the plaintiff made application in 1928 or 1929 for licensing and registration pursuant to the requirements for operating an automobile in the State of Pennsylvania, showing his date of birth to be May 5, 1903; and

(7) A Health and Accident insurance policy issued to the plaintiff about twenty years ago indicating his date of birth as May 5, 1905.

The evidence before the hearing examiner showed four different years of birth —1896, 1898, 1903 and 1905.

The United States Attorney in his brief at page 8 says:

"* * * the hearing examiner recognized the greater weight of documentary evidence contained in the naturalization, immigration and military records submitted * * * as differentiated from undocumented statements by relatives and friends which fall into the lowest category of precedents under the regulations, i. e. (q) 'Other Evidence of Probative Value'.[1] It is undisputed that documentary evidence is more reliable than mere statements by private individuals based upon memory of events which occurred more than 40 years ago or based on hearsay. Also, the items of documentary evidence are not of 'recent origin'."

After hearing all of the evidence in the case the hearing examiner decided on May 25, 1962, against entitlement[2] by the applicant to old-age insurance benefits under the Social Securities Act.

---

1. Section 404.703 (20 C.F.R. 404.703) provides:
   "*Evidence as to age*—Except when the Administration, on the basis of information in its records, is satisfied that the date of birth stated in the application is susbtantially correct, an applicant for benefits shall file supporting evidence showing the date of his birth if his age is a condition of entitlement or is otherwise relevant to payments of benefits. * * * In determining the weight to be given to evidence offered to prove age, consideration will be given to its general probative value and to its position in the following enumeration:
   "(a) Public record of birth;
   "(b) Church record of birth or baptism;
   "(c) Census Bureau notification of registration birth;
   "(d) Hospital birth record or certificate;
   "(e) Flyttningsbetyg or similar foreign record;
   "(f) Physician's or midwife's birth record;
   "(g) Certification, on approved form, of Bible or other family record;
   "(h) Naturalization record;
   "(i) Immigration record;
   "(j) Military record;
   "(k) Passport;
   "(l) School record;
   "(m) Vaccination record;
   "(n) Insurance policy;
   "(o) Labor union or fraternal record;
   "(p) Marriage record; or
   "(q) Other evidence of probative value;
   "In lieu of the original of any record, except a Bible or other family record, there may be submitted a copy of such record or a statement as to the date of birth shown by such record, duly certified by the custodian of such record or by an individual designated by the Administration. If the evidence submitted is of recent origin or is not convincing, additional evidence may be required."

2. The entitlement of the plaintiff to old-age insurance benefits is governed by section 202(a) of the Social Security Act (42 U.S.C.A. 402(a) which reads in rel-

The Appeals Council of the Bureau of Hearings and Appeals, after reviewing the decision of the hearing examiner, supported his decision, and the decision of the hearing examiner then became the final decision of the Secretary of Health, Education and Welfare pursuant to Section 205(g) of the Act.

It is the plaintiff's contention that the hearing examiner by accepting the documentary evidence offered against him and by rejecting the oral evidence, did not consider the probative value of the evidence offered and, accordingly, there was no substantial evidence to support the decision.

█ In order for the hearing examiner to make a determination as to the plaintiff's age at the time of his presentation of an application for old-age insurance benefits, it was incumbent upon the hearing examiner to test the credibility of witnesses and to make an evaluation of the evidence.

After reviewing the record, it is clear that the plaintiff has failed to establish that the finding of the hearing examiner was not supported by substantial evidence. Conflicting evidence was offered as to the date of birth of the plaintiff. The regulations indicate the weight to be given the evidence which is offered to prove age. The hearing examiner, after hearing the witnesses and all of the evidence involved, concluded that the best evidence as to the plaintiff's age was based upon the documents involved. There was no indication that the hearing examiner failed to consider the probative value of the evidence as presented.

If, in fact, the plaintiff's birth was of a time as to entitle him to the benefits of the Act, by his own conduct he has so befuddled the circumstances as to virtually conceal the facts. The hearing examiner was required, and did, apply the rules of law to the evidence, and by his own judgment fairly concluded what was the plaintiff's birth date.

It is difficult to see how the plaintiff can complain here or now. His willful action in the year 1923 was for his own self-serving purpose. If he was in fact 27 years old in 1923, he was old enough to know what he was doing, and in the years following his establishment in the United States, he had a long time in which to realize and correct any vital mistake. That he did not do so could properly raise the inference that his true age was as indicated by documentary evidence. Not until 1956 did he make any effort to correct his mistake—and then only to serve what may fairly have been his anticipation of advancing his monetary gain. It was for the hearing examiner to consider this evidence in connection with all the other evidence as a whole and to give it such weight as he believed proper, as well as the oral evidence of the plaintiff in connection with all the evidence as a whole and to give the plaintiff's evidence such credibility as he believed it entitled to.

█ The hearing examiner may be in factual error, but if he is, it does not appear on the record. This Court is bound by that determination as long as the findings are supported by substantial evidence.[3] Rosewall v. Folsom, 239 F.2d 724 (C.A.7, 1957) Since there is a substantial basis for the Secretary's findings, the motion of the United States Attorney for summary judgment will be granted.

evant part: "Every individual who * * * (2) has attained retirement age (as defined in section 216(a) * * * shall be entitled to an old-age insurance benefit for each month, beginning with the first month after August 1950 in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies. * * * Retirement age is defined in section 216(a) of the Act (42 U.S. C.A. 416(a) to mean, insofar as pertinent here, 'age sixty-two '."

3. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."