**Mary M. RODGERS**

v.

**Wilbur J. COHEN, Secretary of Health, Education and Welfare.**

**Civ. A. No. 5705–R.**

United States District Court
E. D. Virginia,
Richmond Division.

Oct. 8, 1968.

**92**

Hudson Branham, Richmond, Va., for plaintiff.

David G. Lowe, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff has filed a complaint to review a decision of the Social Security Administration denying plaintiff's application for widow's insurance benefits.

Jurisdiction of the Court is secured pursuant to Title 42 U.S.C. § 405(h).

Defendant's secretary has, in accordance with § 205(g), filed a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.

Both plaintiff and the defendant have moved the Court for summary judgment.

A review of the file shows that in May of 1966 plaintiff filed an application for widow's insurance benefits pursuant to § 202(e) (1) of the Social Security Act. The aforementioned section provides for old age insurance benefits to a widow (who has attained the age of 60) of an individual to whom she had been married for a period of not less than nine months immediately prior to the day on which he died and who died a fully insured individual. It is apparent from the record that the plaintiff herein would, if she had attained the age of 60, be entitled to benefits. The Secretary has found that the plaintiff had not attained the age of 60.

The issue before the Court is whether or not such a finding is supported by substantial evidence. 42 U.S.C. § 405(g).

On September 18, 1967, the hearing examiner found that the plaintiff's date

of birth was December 9, 1909. The plaintiff requested a review, which review was denied, resulting in the hearing examiner's decision being the final decision of the Secretary.

An applicant for benefits is required by law to file supporting evidence showing the date of his or her birth if age is a consideration of entitlement or is otherwise relevant to the payment of benefits. See Social Security Regulation No. 4, 20 C.F.R. 404.703. That same regulation spells out the evaluation of evidence.

Plaintiff's testimony was to the effect that she was told by her mother over 40 years ago that her year of birth was 1901. Yet, the evidence shows that in 1939 and in 1940 when applying for Social Security identification cards, she stated that she was born in the year 1911 in one instance, and the year 1913 in another. On her application for a marriage license plaintiff listed her birth date as 1913, and upon applying for a lump sum death benefit payment after the demise of her husband in 1962 she alleged that she was born in the year 1909. The first instance of any record of plaintiff's claim that she was born prior to 1909 is evidenced by a record of the United States Employment Service which indicates that on October 22, 1945, she gave her date of birth as December 9, 1901, but admits frankly that at that time she did not know what her age was. Transcript p. 35. In 1966 plaintiff produced a birth certificate indicating her birth date to be 1901, although the facts of the matter are, and the examiner so found, that said certificate was issued on the basis of two affidavits filed on that same date, and said certificate fails to show the age or date of birth of the mother. The records of the Bureau of Vital Statistics of the State of Virginia show claimant was 26 years of age on April 4, 1940, which would indicate her date of birth to be December 9, 1913. The earliest official record of plaintiff's birth date shows that in the federal census enumeration of January 1, 1920 she, the plaintiff, was enumerated as a grandchild, age

10, in the family of Edward and Margaret McCall, her grandparents. There is no record of her being enumerated in the census taken on April 15, 1910.

The examiner gave appropriate weight to the age of the evidence before him, the date and purpose for which said evidence was established, and the basis for the record.

■ This Court is bound by the findings of the Secretary as to any fact as supported by substantial evidence, and such findings shall be conclusive. See 42 U.S.C. § 405(g).

Plaintiff, herself, has confused and jeopardized her application, as throughout her life she has given various dates of birth. All of the evidence upon which she bases her claim as to her birth date being 1901, are the products of human recollection, and some, although allegedly based on church records, were not in fact so based. Plaintiff, who contends that she was told by her mother many years ago that she was born in 1901, nevertheless as recently as 1966 gave her birth date as 1909.

■ The Secretary's ascribing the greatest weight to the 1920 census records is in accord with the law. See Tindle v. Celebrezze, 210 F.Supp. 912 (S.D.Calif.1962).

Plaintiff can hardly be heard to complain, as by her own conduct she has so befuddled the circumstances as to the date of her birth as to virtually conceal the facts. It would appear that all dates in reference to her birth date as submitted by the plaintiff were for her own self-serving purposes. See Finkelstein v. Secretary of HEW, 221 F.Supp. 361 (S.D.N.Y.1963).

■ It does not appear to the Court that the hearing examiner was in factual error, and the Court is bound by his determination so long as his findings are, as found by the Court, supported by substantial evidence.

An order sustaining defendant's motion for summary judgment will be entered.