**James H. HAMLIN, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**No. 68–C–107–R.**

United States District Court,
W. D. Virginia,
Abingdon Division.

June 8, 1970.

H. Clyde Pearson, Roanoke, Va., for plaintiff.

Berg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

WIDENER, District Judge.

This action is instituted by plaintiff, James H. Hamlin, under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for old-age insurance benefits under section 202(a) of the Social Security Act, 42 U. S.C. § 402(a).

Plaintiff filed an application with the Bureau of Old-Age and Survivors Insurance, Social Security Administration, April 7, 1964, alleging that he was entitled to old-age insurance benefits. His application for benefits was denied.

Having exhausted all his administrative remedies, plaintiff, on November 21, 1968, filed his complaint in this court asking that the decision of the Secretary of Health, Education and Welfare be reversed and that his claim for old-age insurance benefits be allowed. Motions for summary judgment and memoranda in support thereof have been filed by both parties.

In order to qualify to receive old-age insurance benefits under section 202(a) of the Social Security Act, 42 U.S.C. § 402(a), an individual must meet three prerequisites to entitlement: (1) he must be a fully insured individual; (2) he must have filed an application for benefits; and, (3) he must have attained the age of 62. It is agreed that plaintiff meets the first two prerequisites, and the only question for decision here concerns the age of plaintiff.

Plaintiff contends that he was born on July 20, 1905. The hearing examiner determined from the evidence on the record that plaintiff was born on July 20, 1907. The record is in conflict as to when plaintiff was actually born. The documents and statements in the file indicate plaintiff's birthdate variously as follows: (1) July 20, 1895; (2) July 20, 1900; (3) July 20, 1905; and (4) July 20, 1907.

A review of plaintiff's testimony at the hearing before the hearing examiner discloses that his earliest recollection of being told about his age was in 1921, while working in the mines in West Virginia, at which time his father told him he was 21 years old. Plaintiff's recollection of his early childhood and the circumstances surrounding the date and place of his birth is clouded by the fact that he lived several different places during that period of time, that he never attended school on a regular basis, and that his father had been married twice, the second marriage having occurred near the time of his birth, a fact which plaintiff later learned, around 1922, from a lady with whom he and his father boarded. The lady also informed plaintiff at that time that he was born in 1905. Plaintiff testified that he did not actually know whether his real mother was his father's first or second wife. During World War II he stated that his father told him he was born in 1905.

Documentary evidence introduced at the hearing to corroborate testimony of the plaintiff was:

(1) proof of marriage record dated May 30, 1926, wherein he gave his age as 21 years, indicating his birthdate as July 20, 1905.

(2) proof of voter's registration dated May 30, 1947, indicating his birthdate as July 20, 1905.

(3) photostatic copy of family bible birth records listing his birthdate as July, 20, 1895. (However, a cursory inspection of the date reveals that the two middle digits of the year were erased and rewritten. The original entry may have been 1905.)

(4) son's birth record, dated June 22, 1928, listing plaintiff as 23 on last birthday, indicating his birthdate as July 20, 1904.

(5) three insurance certificates of the Life and Casualty Company of Tennessee dated 1949, 1954, and 1960 were read into the record, each indicating his birthdate as July 20, 1905.

(6) two statements by cousins, dated April 7, 1964, each indicating a birthdate of July 20, 1900.

(7) plaintiff's application for Social Security old-age insurance benefits, dated April 7, 1964, indicating his birthdate as July 20, 1900.

(8) plaintiff's application for Social Security disability benefits dated December 7, 1966, indicating his birthdate as July 20, 1905.

Documents introduced at the hearing which support the determination made by the hearing examiner were:

(1) two Botetourt County, Virginia, Public School census reports dated May 1915, and May—August 1915, both indicating plaintiff's birthdate as July 20, 1907.

(2) 1920 Federal Census report listing plaintiff's age as 12 years, indicating a birthdate of July 20, 1907.

(3) daughter's birth record, recorded February 20, 1932, listing plaintiff's age as 24 years, indicating a birthdate of July 20, 1907.

(4) application for Social Security account number dated May 18, 1938, listing plaintiff's birthdate as July 20, 1907.

All other attempts to secure probative evidence of plaintiff's birthdate were without success. Plaintiff was born at home, and there was no official record of his birth. He was never baptized. He never had a passport, and there was no record of military registration.

Even though his actual date of birth was clouded by the unfortunate circumstances surrounding his early childhood, plaintiff points out that from the date of his marriage to the present time he has consistently used the date of July 20, 1905 as his birthdate, with no ulterior motive. He argues that the records submitted by him reflecting a birthdate of 1905, made many years ago and without any reason to hypothecate or falsify, establish 1905 as his birthdate. It is his contention that the determination made by the hearing examiner is not supported by substantial evidence.

The probative value to be given supporting evidence offered in proof of age under section 202(a) of the Social Security Act is governed by regulation.[1] A review of the record shows that the hearing examiner considered all of the evidence as a whole and gave appropriate weight to the age of the evidence before him, the date and purpose for which it was established, and the basis for the record. Rodgers v. Cohen, 304 F.Supp. 91 (E.D.Va.1968). It cannot be said that the hearing examiner committed error in giving greater weight to the 1915 school records, the 1920 census record, and the 1938 application for Social Security account number. These early records, as well as the record of his daughter's birth, which were established independently of plaintiff's claim here, may be entitled to greater weight under the law. See Tindle v. Celebrezze, 210 F.Supp. 912 (S.D.Cal.1962).

This court is bound by the determination of the hearing examiner so long as his findings are supported by substantial evidence. 42 U.S.C. § 405(g).

The record, viewed in a light most favorable to plaintiff, shows that he had been inconsistent in listing his birthdate during his adult life, even after his marriage. In his application for Social Security account number in 1938, and also before that, on his daughter's birth certificate, his birthdate appears to be 1907. The more recent documents offered in evidence by plaintiff, especially the applications for Social Security benefits and the statements by his two cousins, were made for self-serving purposes and were not entitled to be given great weight by the hearing examiner. Having searched the record, the court concludes that the hearing examiner's finding as to the birthdate of plaintiff is supported by substantial evidence.

Accordingly, an order is this day entered granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment.