**Aron MATUSIAK, Plaintiff-Appellant,**

v.

**Robert FINCH, Secretary of Health, Education and Welfare of the United States, Defendant-Appellee.**

**No. 71–1081.**

United States Court of Appeals, Seventh Circuit.

Oct. 13, 1971.

Carlton Roffa, Charlton, Yanisch, Greco & Roffa, Milwaukee, Wis., for Aron Matusiak, appellant.

David J. Cannon, U. S. Atty., Joseph P. Stadtmueller, Ast. U. S. Atty., Milwaukee, Wis., for defendant-appellee.

Before FAIRCHILD, STEVENS and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

This is an appeal from the district court's affirmance of a decision of the Appeals Council of the Department of Health, Education and Welfare that the claimant was not entitled to old-age insurance or other benefits when he applied in 1968. The Council found that claimant was born in 1910 rather than in 1903 as he claimed.

■ The claimant's position is supported by a strong emotional appeal and was accepted by the hearing examiner. These factors require that we give closer attention to the details of the basis for the Appeals Council's decision than would be required to support a decision concurred in by both the examiner and the Council. Tucker v. Celebrezze, 220 F.Supp. 209, 211 (N.D.Iowa 1963).

Aron Matusiak (claimant) applied for Medicare and retirement insurance benefits on October 1, 1968, alleging that he was born on December 21, 1903, in Poland. He lived in the Polish town of his birth until he was taken to a Nazi concentration camp in 1939. At Auschwitz he was lined up on his way to the gas chamber when he was told by a young man that he could avoid death by transferring into another line with younger prisoners who were kept alive for labor details. The claimant contends that, since the dividing line between life and death at Auschwitz was the age of about 30 years, in order to survive he had to pretend that he was 29 years old in 1939 and hence born in 1910.

The claimant also produced witnesses who testified that they knew the claimant when he was in the Polish army, that one was required to be 21 years or older to be in the army and, relating their own ages to claimant at the assumed age of 21, they concluded that the claimant was born about 1903.

The claimant was liberated in 1945 and came to the United States in 1949. His advisers upon his arrival in Milwaukee counseled him to continue to use the birth date of 1910 rather than 1903 in order to obtain employment more readily.

The documentary proof consists of the following in chronological order:

(1) Record of United States Immigration and Naturalization Service shows that at the time of claimant's admission into the United States on September 13, 1949, he stated that he was born on December 21, 1910.

(2) Application for Social Security Account Number, dated October 4, 1949, shows claimant's birth as September 21, 1910.

(3) Certificate of Naturalization, dated May 5, 1955, shows date of birth as December 21, 1910.

(4) 1960 Census Record shows that claimant reported his birth as in the fourth quarter of 1910.

(5) Individual income tax return for the year 1968, undated but due for filing between January 1 and April 15,

1969, shows that the claimant failed to state that he was "65 or over" or to claim the double exemption.

Documentary items (2) and (3) were considered by the hearing examiner, whereas items (1), (4) and (5) were first introduced before the Appeals Council.

A search was made in the appropriate birth records in Poland but no record of claimant's birth appears in 1903 or 1910.

The regulations of the Social Security Administration of the Department of Health, Education and Welfare require an applicant for benefits to file "supporting evidence showing the date of his birth if his age is a condition of entitlement or is otherwise relevant * * *." 20 C.F.R. § 404.703(a). Documentary evidence as to age is required;[1] and if it is not "a public record of birth or a church record of birth or baptism established or recorded before age 5," *other documentary* evidence is required "corroborated by other evidence or by information in the records of the Administration."[2] The regulations further provide that in determining the probative value of other documents, such as those available in this case, "consideration will be given to when such other documents were established or recorded, and the circumstances attending their establishment or recordation."[3]

Here the Appeals Council has relied upon five documents. The first relates to the claimant's admission to the United States in 1949. While he was still on board ship and prior to talking to his advisers whom he was later to meet in Milwaukee, he stated that his date of birth was 1910. His admission to the United States was undoubtedly an important event for the claimant; no one had as yet advised him to falsify his age for the purpose of obtaining employment more readily.

The second document is the claimant's application for a Social Security Account Number in 1949. The 1910 birth date shown here would be consistent with the advisers' alleged counsel. But the principal adviser was described as a substantial and affluent member of the community. It is not entirely believable that such a man, presumably knowing that one of the most important features of Social Security is old-age benefits, would deliberately cause the claimant to falsify the crucial birth-date information.

The third document is the claimant's certificate of naturalization in 1955. The Appeals Council observed that "that record is based on information provided by the claimant, under oath and under penalty for falsification, in connection with an event of solemn importance."

The fourth document is the information given to a census taker in 1960. This was eleven years after the claimant's arrival in this country, presumably

---

1. 20 C.F.R. § 404.703(b) and (c). Prior to 1965, the regulations included a list of 17 kinds of evidence in descending scale of probative value beginning with "Public record of birth" and concluding with "other evidence of probative value." Undocumented statements of witnesses fell into the lowest category. Finkelstein v. Secretary, 221 F.Supp. 361, 362 (W.D.Pa. 1963). The present regulation entitled "Evaluation of evidence" reads (20 C.F.R. § 404.703(c)): "Generally, the highest probative value will be accorded to a public record of birth or a church record of birth or baptism established or recorded before age 5. Where such record is not available, and other documents are submitted as evidence of age, in determining their probative value, consideration will be given to when such other documents were established or recorded, and the circumstances attending their establishment or recordation. Among the documents which may be submitted for such purpose are: school record, census record, bible or other family record, church record of baptism or confirmation in youth or early adult life, insurance policy, marriage record, employment record, labor union record, fraternal organization record, military record, voting record, vaccination record, delayed birth certificate, birth certificate of child of applicant, physician's or midwife's record of birth, immigration record, naturalization record, or passport."

2. 20 C.F.R. § 404.703(b).

3. 20 C.F.R. § 404.703(c).

it was an oral response given to an oral question, and if claimant's actual birth date was 1903, this was an ideal time to begin to set the record straight.

The final document is the 1968 income tax return. This was filed *after* October 1, 1968, when the claimant applied for Social Security benefits and had made his actual birth date an important issue. Yet the claimant took his regular exemption and failed to claim that he was 65 years or older. As the Appeals Council said, "There was no reason, out of fear, to have refrained from showing his correct age and taking advantage of an exemption which was lawfully his."

The Sixth Circuit noted in a similar case, Weaver v. Gardner, 394 F.2d 111, 112 (6th Cir. 1968):

"Many witnesses testified on behalf of Ulis Weaver and in support of his contention that he was born in 1890. * * * The Secretary, however, relied in large part upon documentary evidence in support of his contrary finding that Ulis Weaver was born in 1905. Although the question of Ulis Weaver's age is not entirely free of doubt, the Secretary's findings are supported by substantial evidence on the record as a whole, and are therefore conclusive."

*See also* Weaver v. Gardner, 394 F.2d 110 (6th Cir. 1968).

The claimant "by his own conduct * * * has so befuddled the circumstances as to virtually conceal the facts." Finkelstein v. Secretary, 221 F.Supp. 361 (W.D.Pa.1963). To add to the dilemma, two of the claimant's friends and neighbors of his Polish youth, whom the claimant had caused to execute an affidavit fixing his birth date in 1903, recanted and admitted that they were unable to say when he was born.

We conclude in accordance with 42 U.S.C. § 405(g) that the findings of the Appeals Council are supported by substantial evidence and hence are conclusive.

The district court's judgment is affirmed.