Leib SPRUNG, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary
of Health, Education and Welfare,
Defendant.

Civ. A. No. 74-378.

United States District Court,
D. New Jersey,
Civil Division.

Sept. 9, 1974.

---

Legal Aid Society of Mercer County by Marc Finkelstein, Trenton, N. J., for plaintiff.

Jonathan Goldstein, U. S. Atty. by Ronald L. Reisner, Asst. U. S. Atty., Trenton, N. J., for defendant.

## OPINION and ORDER

CLARKSON S. FISHER, District Judge.

Plaintiff seeks review pursuant to 42 U.S.C.A., Section 405(g) of a final decision made by the Secretary of Health, Education and Welfare. Upon receipt of the complaint, the cause was referred to the Honorable John W. Devine, United States Magistrate, pursuant to this District's General Rule 40E(1), for his report and recommendation to this Court as to final disposition.

This Court has conducted an independent review of the pleadings, briefs, administrative agency records and report and recommendation submitted by the Magistrate. This Court is in complete agreement with the Magistrate's report and accepts his recommendations.

It is on this 6th day of September, 1974 ordered that the report and recommendation of the United States Magistrate annexed hereto be and the same hereby is adopted as the Opinion of this Court, and it is further

Ordered that plaintiff's motion for summary judgment be and the same is hereby granted and that defendant's motion for summary judgment be and the same is hereby denied.

No costs.

## APPENDIX
## REPORT AND RECOMMENDATION

By this action under 42 U.S.C.A. § 405(g), the plaintiff Leib Sprung, seeks relief from the defendant-Secretary's decision that he was born on May 15, 1910 rather than on May 15, 1906 as he claims. The Secretary's decision, which affects plaintiff's entitlement to old-age and to medicare benefits, proceeds from his adoption of the Appeals Council which in turn had reversed that of the Administrative Law Judge who had found in the unrepresented plaintiff's favor following an oral hearing at which he and his wife testified and after which some additional evidence was submitted.[1]

According to the testimony before the Administrative Law Judge, the plaintiff was born on May 15, 1906 in Poland.[2] During World War II all of the official records in the town of his birth were destroyed by the Russians who captured and imprisoned him in Siberia for six years. When plaintiff was captured all of his personal papers were taken from him. When he was released, in 1946 or 1947, plaintiff went to Austria where, the better to obtain work, he made himself four years younger than he knew himself to be by giving his date of birth as 1910. Having once officially stated his date of birth as 1910, he thereafter did so on his marriage certificate in 1948, when he migrated to the United States in 1951, on his application for a

Social Security number in 1951, on his certificate of naturalization in 1956, and on a census record made in 1960.

Opposing the aforesaid documentation, in addition to the testimony of the plaintiff and his wife, are statements from his four siblings, a brother and three sisters, and from friends. As noted in footnote 1, the siblings' statements were submitted before and after the oral hearing and might be subject, understandably, to a charge of partiality if not absolute falsehood. We note, however, that the Appeals Council itself speaks of the siblings' evidence as follows:

"Although the Appeals Council does not question the good faith of the individuals who made the statements, such statements were recently made, are based solely on memory, and refer to events which took place more than 50 years ago."

Having thus spoken, the Appeals Council ignored those statements. We however would be less than candid if we did not note here that the Appeals Council's findings that the statements were recently made does but state the obvious. But they had not previously been needed. And while it is true that those statements are based solely on memory that circumstance is hardly surprising, for if there had been documentation there would have been no need for recollection. Similarly if the events referred to had not "taken place more than 50 years ago" the Appeals Council would not have been entertaining an application for old-age and medicare payments. ments.

Balanced against the Appeals Council's ambivalently given lip-service to the statements from the plaintiff's relatives

---

1. The evidence submitted after the oral hearing comprised written statements from plaintiff's brother and three sisters and from a friend all of which militated in his favor and copies of award determinations in the cases of plaintiff's siblings which corroborated statements submitted by them during the course of the hearing at least as to their own dates of birth.

2. Testimonial corroboration for this conclusion was found by the Administrative Law Judge to lie in plaintiff's recollection of having been drafted into the Polish Army in 1926 or 1927, at which time the conscription age was 21 as well as in his "clearly [remembered] incidents which occurred during World War I", at which time, said the plaintiff, he was seven or eight years of age.

and friends is the following language taken from the Administrative Law Judge who saw and listened to the plaintiff and his wife at the oral hearing. Said the Administrative Law Judge,

> "We believe that Mr. & Mrs. Sprung testified, truthfully and honestly at the hearing and that the testimony, in substance, is reliable."

Despite the express finding of the Administrative Law Judge that the plaintiff and his wife were both entitled to belief, and despite the Appeals Council's foreswearing of the imputation of any lack of "good faith" to the statements of plaintiff's siblings and friends, that body held him bound by the documentary evidence. In doing so the Appeals Council rested its decision essentially on 20 CFR § 404.703. We quote:

Evidence as to age.

"(a) When required. An applicant for benefits under title II of the Act shall file supporting evidence showing the date of his birth if his age is a condition of entitlement or is otherwise relevant to the payment of the benefits pursuant to such title II. Such evidence may also be required by the Administration as to the age of any other individual when such other individual's age is relevant to the determination of the applicant's entitlement.

"(b) Type of evidence to be submitted. Where an individual is required to submit evidence of date of birth as indicated in paragraph (a) of this section, he shall submit a public record of birth or a church record of birth or baptism established or recorded before his fifth birthday, if available. Where no such document recorded or established before age 5 is available, the individual shall submit as evidence of age another document or documents which may serve as the basis for a determination of the individual's date of birth provided such evidence is corroborated by other evidence or by information in the records of the Administration.

"(c) Evaluation of evidence. Generally, the highest probative value will be accorded to a public record of birth or baptism established or recorded before age 5. *Where such record is not available, and other documents are submitted as evidence of age, in determining their probative value, consideration will be given to when such other documents were established or recorded and the circumstances attending their establishment or recordation.* Among the documents which may be submitted for such purpose are: school record, census record, bible or other family record, church record of baptism or confirmation in youth or early adult life, insurance policy, marriage record, employment record, labor union record, fraternal organization record, military record, voting record, vaccination record, delayed birth certificate, birth certificate of child of applicant, physician's or midwife's record of birth, immigration record, naturalization record, or passport.

"(d) Certified copy in lieu of original. In lieu of the original of any record, except a bible or other family record, there may be submitted as evidence of age a copy of such record or a statement as to the date of birth shown by such record, which has been duly certified (see § 404.701(g)).

"(e) When additional evidence may be required. If the evidence submitted is not convincing, additional evidence may be required." (Emphasis added)

Reading this regulation, it is apparent that under subsection (c) it was perfectly appropriate for plaintiff's marriage, immigration, naturalization and census records to be received in evidence. But under subsection (c) it was equally permissible for the Administrative Law Judge to give "consideration . . . to when [those] documents were established or recorded, *and the circumstances attending their establishment or recordation.*" (Emphasis added)

Beyond that, under subsection (e) additional evidence beyond that described

in subsection (c) may be required to be submitted "if the documentary evidence at hand is not convincing."

Having read the record at hand, including particularly the testimony of the plaintiff and his wife, we are struck by the reasonableness of the former's explanation for the giving of his date of birth as 1910 rather than 1906. Thus, it is not at all beyond comprehension or indeed anticipation that in the turbulent Europe which immediately followed the cessation of World War II, an individual would do that which he reasonably could to obtain employment and thereby such sustenance as was available. We recognize that at least arguably the plaintiff is now contriving for obvious reasons to make himself older than written records otherwise show him to be. But the Administrative Law Judge, who listened to and watched the plaintiff and his wife testify did not come to that conclusion; rather did he enunciate his own unequivocal belief in their credibility. The issue thus becomes one of the weight to be given to the Administrative Law Judge's findings that the plaintiff's explanation for the 1910 date was credible and that he was born in 1906.

In Universal Camera Corporation v. National Labor Relations Board, 340 U. S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), the Supreme Court noted that the Administrative Procedure Act was designed "to maintain high standards of independence and competence in examiners." Id. at 495, 71 S.Ct. at 468. The Court, adopting the language of the Senate Committee responsible for the Administrative Procedure Act, anticipated that the decisions of hearing examiners "would be of consequence, for example to the extent that material facts in any case depend on the determination of credibility of witnesses as shown by their demeanor or conduct at a hearing." Id. at 496, 71 S.Ct. at 468.[3]

In summary, and of particular relevance to the case at bar, is the following quote from Universal Camera:

"We do not require that the examiner's findings be given more weight than in reason and in the light of judicial experience they deserve. The 'substantial evidence' standard is not modified in any way when the Board and its examiner disagree. We intend only to recognize that evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. The significance of his report, of course, depends largely on the importance of credibility in the particular case. To give it this significance does not seem to us materially more difficult than to heed the other factors which in sum determine whether evidence is 'substantial.'" 340 U.S. at 496, 71 S.Ct. at 468. See also Breeden v. Weinberger, 493 F.2d 1002, 1007 (4 Cir. 1974) and Laws v. Celebrezze, 368 F.2d 640, 644 (4 Cir. 1966).

Our reading of this entire record provides no basis upon which to conclude that the testimony of the plaintiff and his wife was unworthy of belief and palpably should not have been accepted by the Administrative Law Judge. That the credibility determination was of great importance in this case is crystalline. That the Administrative Law Judge found the plaintiff and his wife, whose live testimony he and he alone heard, entitled to belief was, to say the least, of the greatest cogency. Laws v. Celebrezze, supra; Finkelstein v. Secretary of Health, Education, and Welfare,

---

3. In Ginsburg v. Richardson, 436 F.2d 1146, 1148 fn 1 (3 Cir. 1971), our Court of Appeals found the standard of review "precisely the same" under the Administrative Pro-cedure Act, 5 U.S.C.A. § 551 et seq., as under the Social Security Act, 42 U.S.C.A. § 405(g).

221 F.Supp. 361, 362 (W.D.Pa.1963). Thus, "review [of] the entire record, taking into account both the support for the administrative decision and 'whatever in the record fairly detracts from its weight.'", carries the day for the plaintiff who is required to prove his case only by a preponderance of the evidence. Breeden v. Weinberger, supra, 493 F.2d at 1007, quoting from Universal Camera Corp. v. N. L. R. B., 340 U. S. 474 at 488, 71 S.Ct. 456, 95 L.Ed. 456.

Based upon the foregoing, it is our recommendation that summary judgment be granted in favor of the plaintiff and denied to the Secretary. See Breeden v. Weinberger, supra, 493 F.2d at 1011–1012.

Respectfully Submitted,
John W. Devine
United States Magistrate

Dated: August 29, 1974.