**Xia LY, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 85–CV–73569–DT.**

United States District Court, E.D. Michigan, S.D.

March 12, 1986.

Daniel P. Malone and Julie E. Monfils, Detroit, Mich., for plaintiff.

Roy C. Hayes, U.S. Atty., Detroit, Mich., for defendant.

## OPINION AND ORDER AFFIRMING DEFENDANT'S DENIAL OF PLAINTIFF'S APPLICATION FOR SUPPLEMENTAL SECURITY INCOME BENEFITS

La PLATA, District Judge.

In an application for supplemental security income and hospital insurance benefits filed on January 3, 1984, Plaintiff Xia Ly, indicated that she was a 68 year old widow who was not employed in 1983. Determining that Plaintiff had not reached the age of 65, Defendant rejected, in both a determination and a redetermination, Plaintiff's claim for benefits. Following the two administrative rejections, Plaintiff requested a *de novo* hearing.

At the hearing, Plaintiff, testifying through an interpreter, stated that she (1) was born in Laos on October 5, 1915, (2) married in 1945, and (3) gave birth to eleven children, the last of whom was born in 1965. Her husband died in 1975; three years thereafter, she arrived in the United States, indicating in an Immigration and Naturalization form that she was born on October 5, 1925. When she applied for a Social Security number on September 5, 1978, she once again revealed that she was born in 1925.

In April, 1983, Plaintiff, without a supporting document, filed a request with the Immigration and Naturalization Service to change her date of birth to 1915 on the Agency's records. She also obtained a Michigan Personal Identification Card, which listed her date of birth as October 5, 1915. At the hearing, to establish that she was born in 1915, Plaintiff presented two copies of a birth record apparently secured from the Kingdom of Laos. Containing alternate birth dates, June 5, 1915, and October 5, 1915, the documents, dated November 30, 1974, listed three witnesses, each of whom was a farmer in excess of 74 years of age in 1974. Plaintiff was unable to explain when or the manner in which the documents were procured.

Under the Social Security Act, an individual who reaches the age of 65 and has an income less than $1,700.00 (as of January 1, 1986) is entitled to supplemental security income.[1] Similarly, medical insurance benefits are available to individuals who have attained the age of 65.[2]

Under the Social Security regulations, where, as here, no public or religious record of birth was established before a claimant's fifth birthday, she shall submit other documents as proof of her age, as long as that evidence can be corroborated.[3] The circumstances surrounding the recordation or establishment of the evidence of a claimant's birth are considered in determining the probative value of the documents.[4]

In his findings of fact, the Administrative Law Judge (ALJ) referred to the contradictory nature of the records supporting Plaintiff's year of birth. He found it noteworthy that she did not submit the record from Laos to the Social Security Administration when she filed her application for benefits, but, rather, delayed presenting it until the administrative hearing. In determining that Plaintiff did not qualify for benefits as a result of her failure to estab-

---

1. See 42 U.S.C. § 1382c; 42 U.S.C. § 1382b(3)(B); *Patterson v. Califano,* 475 F.Supp. 578, 583 (E.D.Va.1979).

2. 42 U.S.C. § 1395o.

3. 20 CFR 416.820. See, generally, 2 McCormick, Social Security Claims and Procedures, §§ 669, 1034 (1983).

4. 20 CFR 416.803.

lish that she was 65 years of age, the ALJ stated:

Thus, the evidence establishes that when the claimant was admitted to the United States in 1978 she gave her date of birth as October 5, 1925. The undersigned has not been made aware of any motivation that the claimant would have to lie about her birthdate at that time. The record further indicates that in 1983, she applied to the Immigration and Naturalization Service to change her date of birth and the record suggests that this application was made in order to allow the claimant to qualify for welfare, social security, and other benefits. The only evidence in the record which reasonably detracts from a conclusion that the claimant was born in 1925 is the birth record apparently obtained from Laos and which is apparently dated November, 1974. However, the undersigned notes that this document has been translated to provide two different dates of birth. The undersigned further notes that the circumstances surrounding the procurement of this Exhibit are unknown. Again, the undersigned is puzzled by the fact that this document was not presented to the Social Security Administration.[5]

On August 7, 1985, Plaintiff filed a Complaint for judicial review, asserting that the findings of Defendant were clearly erroneous.[6] In a Motion for Summary Judgment, Plaintiff argued that she established, by a preponderance of the evidence, at the hearing that she was 69 years of age and a resident of the United States since 1978. In support of her motion, Plaintiff primarily relied upon the 1974 record of the Kingdom of Laos, which reflected that she was born in 1915; she asserts that the 1974 record was devised in her country, based on statements made by witnesses who were aware of her birth date.

Where an administrative agency's findings of fact are supported by substantial evidence on the entire record, a District Court must affirm, even where evidence appears in the record that was favorable to the claimant's position.[7] In view of the fact that Plaintiff, unversed in the English language, testified through an interpreter, the ALJ was not able to gauge her credibility in the usual manner afforded to him at a hearing. Nevertheless, the ALJ painstakingly examined the evidence, concluding that Plaintiff had no reason to fabricate that she was born in 1925, rather than in 1915, when she applied for a Social Security card and completed the necessary immigration papers in 1978.

A review of the record leads this Court to conclude that the ALJ's rejection of the claim for benefits was based on competent, substantive evidence on the entire record. This is a case which is not devoid of sentiment or sympathy; nevertheless, the Court must view the facts objectively: Plaintiff indicated to two agencies, on different dates, in 1978 that she was born in 1925. It was not until five years thereafter that she advised the Immigration and Naturalization Service that her actual year of birth was 1915. The 1974 public record of Plaintiff's native country is not conclusive evidence of her date of birth; its preparation decades after her birth and Plaintiff's inability to recount when or the manner in which it was secured detract from its reliability and accuracy. Consequently, the Court AFFIRMS the Defendant's denial of Plaintiff's application on the basis that Plaintiff failed to demonstrate that she achieved the age of 65 at the time of her application for benefits was submitted in 1984.[8]

---

5. Decision of Administrative Law Judge, January 16, 1985, p. 4.

6. On June 5, 1985, the Appeals Council affirmed the decision of the ALJ.

7. *Rose v. Cohen,* 406 F.2d 753, 755 (6th Cir. 1969); 42 U.S.C. § 405(g).

8. For a case similar to the matter at bar, see *Hamlin v. Finch,* 313 F.Supp. 1128 (W.D.Va. 1970), where the claimant, who was born at home and did not possess a passport, an official record of birth, or a record of military registration, presented contradictory evidence of the year of her birth. Upholding the hearing examiner's rejection of the claim for benefits, the District Court held that the probative value of

the evidence adduced by the claimant was minimal.