

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2004

# Panetis v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3416

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Panetis v. Comm Social Security" (2004). *2004 Decisions.* Paper 772.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/772

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3416

_____

VASILIKI T. PANETIS,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER SOCIAL SECURITY

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

District Court Judge: The Hon. John C. Lifland
(N.J. District Civil No. 01-cv-05936)

_____

Argued: March 24, 2004

Before: FUENTES, SMITH and GIBSON[*], Circuit Judges.

(Filed:  April 26, 2004)
_____

_____

[*] Honorable John R. Gibson, Circuit Judge for the United States Court of Appeals for
the Eighth Circuit, sitting by designation.

Edward W. Cillick, Esq. [ARGUED]
Cillick & Sprague
25 Main Street
Hackensack, NJ 07601

*Counsel for Appellant*

Anthony J. LaBruna, Jr., Esq.
Assistant United States Attorney
Office of United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

Kimberly L. Schiro, Esq. [ARGUED]
Assistant Regional Counsel
Office of United States Attorney
c/o Social Security Administration
26 Federal Plaza, Room 3904
New York, NY 10278

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

In February 1998, Appellant Vasiliki Panetis filed an application for Social Security retirement benefits, which requires her to have reached the age of 62. The Social Security Administration denied such benefits on the grounds that Panetis was born in 1942, not 1936.

Panetis had a hearing before an ALJ, where she testified that her family fled from Albania to Greece in 1945, and that she received an incorrect birth certificate in Greece because of her father's language barrier in that country. To corroborate her story, Panetis submitted affidavits from her childhood friends and various documents from officials of the Community of Polytsiani, the city of her birth. The ALJ, however, relied on several documents Panetis submitted to the U.S. government before 1995 as evidence that her birthyear was actually 1942, as well as the fact that she attended high school from 1956-61. Accordingly, the ALJ denied Panetis benefits, and the District Court subsequently affirmed that denial.

Although this Court exercises plenary review over the District Court's decision, it reviews the underlying decision of the ALJ "to determine whether it is supported by substantial evidence." Newell v. Commissioner of Soc. Sec., 347 F.3d 541, 545 (3rd Cir. 2003). Substantial evidence is more than a mere scintilla, but less than a preponderance. Id. It has often been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." E.g., id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Put another way, substantial evidence is enough evidence to justify denial of a directed verdict to the opposing side if the matter had gone to a jury trial. Reefer v. Barnhart, 326 F.3d 376, 379 (3rd Cir. 2003). Inherent to this deferential standard of review is the rule that even if there is contrary evidence in the record that would justify the opposite conclusion, the ALJ's decision will be upheld if it is also supported by the evidence.

Simmonds v. Heckler, 807 F.2d 54, 58 (3rd Cir. 1986); accord Sykes v. Apfel, 228 F.3d 259, 262 (3rd Cir. 2000).

The Social Security Administration has issued specific regulations with respect to proving one's birthdate. A claimant is encouraged to submit the following "preferred evidence" of her birthdate, which is generally considered convincing: birth certificate, hospital birth record, or religious birth record recorded before age five. 20 C.F.R. §§ 404.709, 404.716(a). If a claimant cannot provide preferred evidence, then the ALJ will consider whatever evidence the claimant can provide. Here, it is uncontested that Panetis could not provide any preferred evidence to the ALJ. Instead, Panetis offered the following documents stating that she was born in 1936: 1) affidavits from two of her childhood friends and neighbors in Polytsiani; 2) a certificate issued by the Elders of the Village of Polytsiani; 3) a certificate issued by the President of the Community of Polytsiani; 4) a certificate issued by the Mayor of Ioannina, Greece, acknowledging the aforementioned Elders' certificate; 5) a 1997 order from the U.S. District Court in the Southern District of New York amending Panetis's naturalization papers to reflect a 1936 birthdate; and 6) a U.S. passport issued in 1998.[1]

---

[1] For this appeal, Panetis has asked to supplement the record with two more documents stating a 1936 birthyear: a baptismal certificate from Polytsiani and a marriage certificate from the church she was married at in New York. However, Panetis has not made the requisite showing of "good cause why [the new evidence] was not previously presented to the ALJ." Matthews v. Apfel, 239 F.3d 589, 593 (3rd Cir. 2001). She states generally that the documents were unavailable until recently because of the political situation in Albania, but does not explain why these documents specifically took longer to locate than her other recent documents from Albania. In any event, the SSA's counsel indicated that Panetis would have an opportunity to relitigate her

As the District Court described, the ALJ did not credit Panetis's evidence because it found that there was the following evidence in the record to justify finding a 1942 birthyear: 1) Panetis volunteered a 1942 birthyear when applying for Social Security numbers in 1959, 1966 and 1977 even though no birthyear was required; 2) Panetis attended high school from 1957 (the year after she entered the U.S.) until 1961; and 3) Panetis admitted that she never used her 1936 birthyear at any time before the last five years. The ALJ also specifically disputed the credibility of Panetis's friends' affidavits because the affiants would have been less than five years old in 1936, and questioned the other Polytsiani documents because they listed her 1945 year of departure from Albania. Because Panetis's family was hastily fleeing Albania when they departed, the ALJ found it unlikely that they would have taken the time to make an official record of their departure with the government. Finally, the ALJ concluded that he was not bound by the District Court's order amending Panetis's naturalization certificate.[2]

On appeal, Panetis essentially argues that the ALJ weighed the evidence incorrectly, and that her evidence establishing a 1936 birthyear is more credible than evidence to the contrary. This is the precise type of second-guessing prohibited by the "substantial evidence" standard of review. Under this standard, this Court can reverse only if it finds that the ALJ

---

birthdate at a subsequent hearing.

[2] The government also persuasively questions Panetis's explanation that her 1942 birthdate is the product of her father's language problems in Greece: it seems implausible that a Greek immigration official would not be able to tell that Panetis was nine years old, as opposed to three.

could not have reasonably read the evidence to favor a 1942 birthyear. Here, although Panetis has provided evidence that *could* lead a factfinder to conclude that she was born in 1936, her evidence does not render a 1942 birthyear an unreasonable conclusion. As the District Court recognized, the ALJ carefully explained why it did not accept Panetis's evidence from Polytsiani. Furthermore, the 1997 District Court judgment was not binding on the ALJ, as Panetis's motion in the Southern District of New York was unopposed by the INS and did not involve evaluation of any of the evidence before the ALJ in this case.[3] In rejecting the above evidence, the ALJ reasonably relied on Panetis's own use of her 1942 birthyear, especially because she used that birthyear even in situations where she was not required to provide a birthyear. Finally, the ALJ could have reasonably doubted Panetis's birthyear being 1936 based on the fact that she would have attended high school from the ages of 21 to 25.

In <u>Ginsburg v. Richardson</u>, this Court held that deference to the ALJ's conclusion is especially high in reviewing the ALJ's credibility determinations, whether of people or of documents establishing age. 436 F.2d 1146, 1150-51 (3ʳᵈ Cir. 1971). The <u>Ginsburg</u> court specifically approved of the ALJ's decision to credit older documents that established an 1895 birthyear over more recently acquired affidavits and documents establishing an 1892 birthyear. <u>Id.</u> at 1151. The identical situation presents itself in the case before us: the ALJ

---

[3] In fact, as mentioned above, the Social Security regulations specify exactly which documents are considered preferred proof of birthdate, and a District Court judgment on naturalization is not one of these documents.

credited older documents from Panetis herself that testified to an 1942 birthyear over more recently acquired evidence of a 1936 birthyear. In support of her position, Panetis cites to two cases, but neither is as applicable as Ginsburg. First, Panetis cites to Sprung v. Weinberger, but in that case the ALJ actually found the claimant's testimony for an older birthyear credible, and the District Court deferred to that finding because there was no evidence undermining the claimant's credibility. 386 F.Supp. 74, 75-77 (D.N.J. 1974). Here, in contrast, the ALJ detailed his reasons for finding Panetis's evidence lacking in credibility, and a reviewing court must give that determination deference. Equally unavailing to Panetis's cause is Chan Wai King v. Sullivan, in which the claimant had a credible explanation for her previous assertions of a 1934 birthyear, and her 1922 birthyear was indisputably corroborated by objective medical evidence. 757 F.Supp. 179, 185-86 (E.D.N.Y. 1991). Panetis has not offered any such explanation or evidence here.

Perhaps the most appropriate summary of this case is the following admonition from Ginsburg: "If, in fact, the plaintiff's birth was [sufficiently early to warrant retirement benefits], by [her] own conduct [she] has so befuddled the circumstances as to virtually conceal the facts. The hearing examiner was required, and did, apply the rules of law to the evidence, and by his own judgment fairly concluded what was the plaintiff's birth date." 436 F.3d at 1151 (internal quotations omitted). Because substantial evidence undergirds the ALJ's denial of benefits, we affirm that determination.